## AMERICAN SEWAGE DISPOSAL CO. OF BOSTON v. CITY OF PAWTUCKET.

(Circuit Court of Appeals, First Circuit. August 15, 1906.)

No. 564.

PATENTS—INFRINGEMENT—SEWAGE APPARATUS.

The Glover patent No. 559,522 for a sewage apparatus reconsidered and *held* not to cover the principle of septic treatment of sewage, and not infringed by an apparatus using a septic tank.

Petition of appellant for permission to apply to the Circuit Court for leave to reopen the case.

For former opinion, see 138 Fed. 811.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

COLT, Circuit Judge. Upon full consideration of this case we held that the first Glover patent does not disclose the septic tank, and that the second Glover patent is for a system of rapid filtration, comprising two series of filter beds, one inside the ventilated structure and the other outside; and that it followed that the defendant's apparatus did not infringe the second Glover patent, upon which the present suit was brought.

Upon further consideration of the evidence in the affidavits accompanying this petition to reopen the case, we are clearly of the opinion that if this evidence had been before the court at the hearing, it would not have changed or modified our conclusions respecting the Glover patents. The point of this new evidence, so far as it is not cumulative, resolves itself into the proposition that the court, in defining the essential conditions which characterize the septic tank, adopted the scientific views presented in the record, instead of the present scientific views founded upon experience in the practical operation of this form of tank. This change of views, however, in

what were once regarded as essential characteristics of the septic tank, does not extend, and could not by any possibility extend, to the primary and fundamental distinction, pointed out in the opinion, between a septic tank and a settling tank, namely, the difference in the method of sewage treatment in the two tanks. The change simply amounts to this, that it has been found by experience that a septic tank may be exposed to the atmosphere; in other words, that neither the total exclusion of air and light by means of an air-tight tank, nor the formation of a thick scum on the top surface of the tank, which produces substantially the same effect, is essential to a practically operative tank. The reason of this is not because air and light are not destructive to putrefactive action, but because the character of ordinary sewage is such that air and light will not penetrate to any distance beneath its surface. From this statement it is manifest that if the evidence upon this point contained in these affidavits had been in the record at the hearing, it would not have affected the conclusions we reached respecting the Glover patents. Those conclusions were not dependent upon the necessity of either making the septic tank air-tight, or permitting the formation of a scum upon the top surface of the tank, but they were based upon the many grounds set forth in the opinion, which it is unnecessary at this time to restate.

The further evidence contained in these affidavits concerns two points upon which a great deal of evidence appears in the record, and which were fully presented at the hearing, namely, what Glover told other people about his discovery of the disappearance of the sewage in his Brockton cesspools, and the proper construction of the Glover patents.

As to the first point, it may be said that this whole class of evidence has little or no bearing upon the real question in this case, which is, not what did Glover discover in his Brockton cesspools, but what do the Glover patents disclose and claim as Glover's inventions or discoveries.

With respect to the second point, it may be said that it is for the court to construe the Glover patents; and, further, that we find nothing in these affidavits which would lead us to modify the conclusions we have already reached respecting the actual inventions covered by those patents.

The sewage art relates to the disposal of sewage by treatment. The particular problem with which we are dealing is the treatment of sewage in tanks. Sewage is treated in tanks in two ways, or by two distinct methods, known as "sedimentation and septic." The fundamental distinction between these two methods is the length of time in which the solid matter of the sewage remains in the tank. By the first method the solid matter only remains in the tank a short time, or long enough to settle, and is then removed from the tank. By the second method the solid matter must remain in the tank a considerable period of time, or long enough to insure its destruction by putrefactive action, and the metallic deposit which remains is not removed from the tank for months. The tank in which the sewage

is treated by the first method is called a settling tank. The tank in which the sewage is treated by the second method is called a septic tank. When Glover discovered the disappearance of the solid matter in his Brockton cesspools, or tanks, he had not discovered the septic tank, because he had not discovered the septic method of the treatment of sewage in a tank. In other words, he had not discovered that this phenomenon which he saw was caused by the long retention of the solid matter in the tanks; or, to vary the form of expression, he had not discovered that it was by reason of this peculiar treatment of the sewage in the tanks that the solid matter had been destroyed. Nor did Glover, so far as appears by this record, including the present affidavits, ever have any conception of the principle, mode of operation, or process, involved in the treatment of sewage in a septic tank. Neither in the tanks of his first patent, nor in the primary filter beds of his second patent, do we find any description or suggestion that the solid matter must be retained in the tanks for a considerable period of time in order to cause its disappearance. Upon this vital point both patents are equally silent. Further than this, if Glover had had any proper conception of a septic tank, and still more, if he had intended to embody that conception in his first patent, it is simply inconceivable that he should have described those tanks as "depositing in each tank a portion of the matter held in suspension," and then followed this with the statement: "I am aware that sewage has been caused to flow through a series of tanks, depositing in each a portion of the matter held in suspension, but I am not aware that such tanks have ever been covered by a structure," etc. In corroboration of this language, it appears that 13 years later, in the file wrapper of his second patent, he makes the following statement respecting these tanks:

"Applicant's former patent, 258,744, does not show filter-beds. It contains simply a series of tanks in which the sewage is acted on only by sedimentation."

With respect to the second patent, it is also equally inconceivable that if Glover had had any proper conception of a septic tank, and had intended to embody that conception in his patent, he should have begun his patent as follows:

"This invention has for its object to permit the filtration of sewage on a large scale without making the same offensive; and it consists of an apparatus comprising a series of primary filter-beds and means for charging the same with sewage," etc.; and should further have described these beds in the terms which follow in the specification.

The whole structure of the complainant's argument appears to be based upon the following propositions: First, Glover discovered the septic tank; second, it follows that Glover must have intended to incorporate this tank in his first patent in the form of his series of tanks, and in his second patent in the form of his series of primary filter-beds; and, third, it has been shown, in the light of what is now known about septic tanks and septic action, that both the tanks of the first patent and the primary filter-beds of the second patent are capable of the treatment of sewage by the septic process. The first two prop-

ositions, in our opinion, are clearly unsupported by the evidence. As to the last proposition, it may be observed that the fact that the Glover apparatus described in his patents can be made to operate, in the present state of the art, by a process which he did not discover and does not disclose in his patents, does not entitle him to a monopoly of that process under the patent laws of the United States.

The petition of the appellant for permission to apply to the Circuit Court for leave to reopen the case is denied, and mandate may issue forthwith.