### McCLINTOCK v. CITY OF PAWTUCKET.†

(Circuit Court of Appeals, First Circuit. December 9, 1913.)

No. 1,028.

EQUITY (§ 447*)—BILL OF REVIEW—INFRINGEMENT SUIT.

The order of the District Court denying a petition for leave to file a bill of review, with reference to McClintock v. City of Pawtucket, which denial is reported in 180 Fed. 320, affirmed.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 1091–1094; Dec. Dig. § 447.*

Leave of court to file bill of review, see note to Lewis v. Holmes, 116 C. C. A. 412.]

Appeal from the District Court of the United States for the District of Rhode Island; Arthur L. Brown, Judge.

Suit in equity by John N. McClintock against the City of Pawtucket. From an order denying his petition for leave to file a bill of review, complainant appeals. Affirmed.

For opinion below, see 180 Fed. 320.

John N. McClintock, of Boston, Mass. (Benjamin Phillips, of Boston, Mass., on the brief), for appellant.

William R. Tillinghast, of Providence, R. I. (Edward W. Blodgett, City Sol., of Pawtucket, R. I., on the brief), for appellee.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

PUTNAM, Circuit Judge. There is so much literature touching the subject-matter of this appeal, and the issues are so peculiar and so unlikely to form any precedent, that it would only be a burden to the parties and to the profession to recite the facts more than as they appear in our opinions in American Sewage Disposal Co. v. Pawtucket, passed down on June 13, 1905, 138 Fed. 811, 71 C. C. A. 177, for which see also 199 U. S. 609, 26 Sup. Ct. 750, 50 L. Ed. 332, and on August 15, 1906, in 146 Fed. 753, 77 C. C. A. 243. As the result of the rehearing represented by the latter opinion, we denied the petition of the appellant therein for permission to apply to the Circuit Court for leave to reopen the case; but subsequently, on December 8, 1911, we entered an order granting leave to the Circuit Court in its discre-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Rehearing denied January 15, 1914.

tion to allow the appellant to file a bill in the nature of a bill of review without prejudice to any question involved. Such an application was made; and on February 5, 1913, the District Court, wherein the Circuit Court had then been merged, disposed of the application for leave to file a.bill of review, with the following opinion and order:

"Brown, J. Upon consideration of this petition and of the affidavits annexed, it is very clear that the so-called new evidence could be of no advantage to the petitioner. The facts set forth in the affidavits, even if established upon a full hearing, could not alter or enlarge the terms of the patent in suit.

"Upon repeated hearings and full consideration, the .Court of Appeals has determined the meaning of the description and claims of the patent in suit, and has decided that the defendant does not infringe the invention therein described and claimed.

"This must be regarded as conclusive and final.

"Petition denied."

From that denial an appeal was taken to us. Without committing ourselves generally to the right to such an appeal, we have taken cognizance of this appeal, both because no objection was made thereto, and especially because, in view of certain apparent facts, we have been very anxious, as is quite plain, to reach the merits and dispose of them carefully. We must, however, now give the parties to understand that, unless there is some development which we cannot anticipate, we have reached the end of this litigation. What would be in truth the elemental patent, if the claimant should prevail herein in any particular, issued on May 30, 1882; and the condition since that time has so altered, including the fact that the elemental patent expired in 17 years from 1882, that the public is now entitled to rest in peace beyond any further controversy.

We will say at the outset that we entirely agree with the conclusions of the learned judge of the District Court. Apparently the basis of the present application is certain experiments which have been made with much care and large expense since the opinions were passed down which we have referred to; but the pith of it all is that these experiments have developed no facts whatever which were not in effect disposed of, and which we may say the possibility of was not foreseen in the earlier stages of this litigation. The difficulty from the beginning has been that, if Glover was the discoverer of what is called herein the septic action, and the inventor of everything in connection therewith, that discovery and invention cannot, under any rule of law which we are allowed to administer, be brought within the terms of either Glover's first or second patent, so far as to be efficient under the statutory patent system.

Apparently the complainant does not appreciate this proposition, because.at the present time it submits to the court the following proposition as one of the fundamental ones on which he bases his present application:

"The newly discovered fact that Mr. C. F. Brown, the patent solicitor, who drew up and secured the issue of both the, first and second Glover patent, can testify that Glover brought to him the W. E. McClintock plan (R. 661) and, the Andover plan (R. 663) as illustrating Glover's ideas as to how a sewage apparatus to rapidly and completely purify sewage should be built,

which Glover desired to have covered by a basic patent, sets at rest Glover's intentions in the premises, and is of great value and importance in understanding the true meaning of the second Glover patent; for the experiments demonstrate that the W. E. McClintock and the Andover plans would utilize septic action, and could not otherwise operate."

It is a part of the A, B, C, of the patent law that nothing known by the patentee, or done by him or discovered by him, whether understood by him or not, can be protected by any patent unless it is covered on the face of the patent, according to the terms of the statute; and in our previous opinions we have shown with great care and undoubted logic that the facts alleged to have been discovered by Mr. Brown in the manner stated are not effective here for the reasons stated.

All we need to say with reference to the further alleged development of the complainant's experiments on which this present proceeding is based concerns what he says as follows:

"The petitioner contends that not only does the elaborate system of experiments conducted by himself and Prof. McMillan, one of the most eminent sanitary engineers of the United States, but also the affidavit of Prof. Phelps, submitted by the city of Pawtucket, conclusively show that a tank constructed and operating exactly like the so-called primary filter-bed of the Glover patent not only has some septic action, but must have a septic action and cannot operate in any other way."

But this was anticipated by our prior opinions, in the first of which we said as follows:

"It may be observed in this connection that, in the ordinary settling tank, the line between sedimentation and septic action cannot be strictly drawn, for if any portion of the sewage is permitted to remain for a considerable time in such a tank there will be more or less fermentation, and this would be true of the Glover tanks. The question, however, is not whether there may not be some septic action in these tanks, as there may be in all settling tanks, but whether this patent discloses, or was intended to disclose, the practical septic tank of the sewage art for the disposal of sewage by the septic process."

In the second of our opinions we referred to the claim by the complainant that:

"In the light of what is now known about septic tanks and septic action, both the tanks of the first patent and the primary filter-beds of the second patent are capable of the treatment of sewage by the septic process."

We said as to that as follows:

"It may be observed that the fact that the Glover apparatus described in his patents can be made to operate in the present state of the art by a process which he did not discover and does not disclose in his patents does not entitle him to a monopoly of that process under the patent laws of the United States."

We have listened attentively to the appellant's exposition of the present appeal. It all comes back to the fact that, under the rules of the law, the patents cannot be aided by any discoveries which the complainant claims to have been made. It is so plain that the law stands in his way that we are compelled to state anew that we are wholly unable to give the complainant any relief, and any further consideration of the appeal would result only in useless reiteration.

The decree of the District Court is affirmed, and the appellee recovers its costs of appeal.